**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT EUGENE ROWE,                        No C 06-1154 VRW (PR)

12                    Petitioner,
                                                 ORDER DENYING PETITION FOR A
13             v                                 WRIT OF HABEAS CORPUS

14   ANTHONY KANE, Acting Warden,

15                    Respondent.

16   _____/

17

18

19

20            Petitioner, a state prisoner incarcerated at the

21   California Correctional Institution in Tehachapi, California, seeks

22   a writ of habeas corpus under 28 USC § 2254 challenging the

23   California Board of Prison Terms' ("BPT") January 6, 2005 decision

24   to deny him parole.

25            Per order filed on July 6, 2006, the court found that

26   petitioner's claim that the BPT's decision finding him not suitable

27   for parole does not comport with due process appears colorable

28   under § 2254, when liberally construed, and ordered respondent to

**United States District Court**
For the Northern District of California

1  show cause why a writ of habeas corpus should not be granted.

2  Respondent has filed an answer to the order to show cause and

3  petitioner has filed a traverse.

4

5                                    I

6         In 1980, petitioner pleaded guilty to first degree murder

7  in the Superior Court of the State of California in and for the

8  County of Orange and was sentenced to an indeterminate term of 25

9  years to life in state prison.

10        Petitioner has been found not suitable for parole each

11 time he has appeared before the BPT.  On January 6, 2005,

12 petitioner appeared before the BPT for the sixth time.  The BPT

13 again found him not suitable for parole and denied him a subsequent

14 hearing for one year.

15        Petitioner then challenged the BPT's January 6, 2005

16 decision in the state superior, appellate and supreme courts.

17 After the Supreme Court of California denied his final state habeas

18 petition on December 21, 2005, the instant federal petition for a

19 writ of habeas corpus followed.

20

21                                   II

22                                    A

23        The Antiterrorism and Effective Death Penalty Act of 1996

24 ("AEDPA"), codified under 28 USC § 2254, provides "the exclusive

25 vehicle for a habeas petition by a state prisoner in custody

26 pursuant to a state court judgment, even when the petitioner is not

27 challenging his underlying state court conviction."  <u>White v</u>

28

**United States District Court**
For the Northern District of California

1  **Lambert**, 370 F3d 1002, 1009-10 (9th Cir 2004).  Under AEDPA, this

2  court may entertain a petition for habeas relief on behalf of a

3  California state inmate "only on the ground that he is in custody

4  in violation of the Constitution or laws or treaties of the United

5  States."  28 USC § 2254(a).

6  The writ may not be granted unless the state court's

7  adjudication of any claim on the merits: "(1) resulted in a

8  decision that was contrary to, or involved an unreasonable

9  application of, clearly established Federal law, as determined by

10  the Supreme Court of the United States; or (2) resulted in a

11  decision that was based on an unreasonable determination of the

12  facts in light of the evidence presented in the State court

13  proceeding."  Id at § 2254(d).  Under this deferential standard,

14  federal habeas relief will not be granted "simply because [this]

15  court concludes in its independent judgment that the relevant

16  state-court decision applied clearly established federal law

17  erroneously or incorrectly.  Rather, that application must also be

18  unreasonable."  **Williams v Taylor**, 529 US 362, 411 (2000).

19  While circuit law may provide persuasive authority in

20  determining whether the state court made an unreasonable

21  application of Supreme Court precedent, the only definitive source

22  of clearly established federal law under 28 USC § 2254(d) is in the

23  holdings (as opposed to the dicta) of the Supreme Court as of the

24  time of the state court decision.  Id at 412; **Clark v Murphy**, 331

25  F3d 1062, 1069 (9th Cir 2003).

26  \\

27  \\

28

3

**United States District Court**
For the Northern District of California

**B**

Petitioner seeks federal habeas corpus relief from the BPT's January 6, 2005 decision finding him not suitable for parole, and denying him a subsequent hearing for one year, on the ground that the decision does not comport with due process.  Petitioner claims that the BPT improperly based its decision on the unchanging facts of his commitment offense and that the evidence cited by the BPT is not reliable evidence that he poses a current danger to society.  Petitioner also claims that his continued incarceration violates the terms of his plea agreement.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."  Cal Penal Code § 3041(b).  In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime.  See Cal Code Regs tit 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections.  <u>Sass v California Bd of Prison Terms</u>, 461 F3d 1123, 1128 (9th Cir 2006); <u>McQuillion v Duncan</u>, 306 F3d 895, 902 (9th Cir 2002).  It matters

**4**

**United States District Court**
For the Northern District of California

1  not that, as is the case here, a parole release date has never been

2  set for the inmate because "[t]he liberty interest is created, not

3  upon the grant of a parole date, but upon the incarceration of the

4  inmate."  Biggs v Terhune, 334 F3d 910, 914-15 (9th Cir 2003).

5  Petitioner's due process rights require that "some

6  evidence" support the parole board's decision finding him

7  unsuitable for parole.  Sass, 461 F3d at 1125 (holding that the

8  "some evidence" standard for disciplinary hearings outlined in

9  Superintendent v Hill, 472 US 445, 454-55 (1985), applies to parole

10  decisions in § 2254 habeas petition); Biggs, 334 F3d at 915 (same);

11  McQuillion, 306 F2d at 904 (same).  This "some evidence" standard

12  is minimally stringent and ensures that "the record is not so

13  devoid of evidence that the findings of [the BPT] were without

14  support or otherwise arbitrary."  Hill, 472 US at 457.  Determining

15  whether this requirement is satisfied "does not require examination

16  of the entire record, independent assessment of the credibility of

17  witnesses, or weighing of the evidence."  Id at 455-56 (quoted in

18  Sass, 461 F3d at 1128).

19  Due process also requires that the evidence underlying

20  the parole board's decision have some indicia of reliability.

21  Biggs, 334 F3d at 915; McQuillion, 306 F3d at 904.  Relevant in

22  this inquiry "is whether the prisoner was afforded an opportunity

23  to appear before, and present evidence to, the board."  Morales v

24  California Dep't of Corrections, 16 F3d 1001, 1005 (9th Cir 1994),

25  rev'd on other grounds, 514 US 499 (1995).  In sum, if the parole

26  board's determination of parole unsuitability is to satisfy due

27  process, there must be some evidence, with some indicia of

28

5

**United States District Court**
For the Northern District of California

1   reliability, to support the decision.  Rosas v Nielsen, 428 F3d

2   1229, 1232 (9th Cir 2005).

3           The record shows that the BPT afforded petitioner and his

4   counsel an opportunity to speak and present their case at the

5   hearing, gave them time to review petitioner's central file,

6   allowed them to present relevant documents and provided them with a

7   reasoned decision in denying parole.

8           The board explained that it found that the crime was

9   carried out "in an especially cruel and callous * * * dispassionate

10  and calculated manner."  Hr'g Tr at 49 (Resp't Ex F).  Petitioner

11  stabbed and killed the victim during a robbery, and there was

12  evidence that the victim was abused during the offense.  The board

13  found that petitioner had a history of substance abuse, which it

14  considered an unstable social factor.  Id at 50.  The board found

15  that petitioner's parole plans were "grossly short" because he had

16  not connected his residential plans and employment plans together.

17  Id at 51.  The board noted that petitioner had excellent job

18  skills, a good psychological evaluation, and a low prediction of

19  future violence.  Id at 50.  The board commended petitioner for his

20  participation in several self-help programs and gave him credit for

21  reducing drug use in a prison dormitory.  Id at 52, 54.

22  Nonetheless, the board concluded that "those positive aspects of

23  your behavior [do] not outweigh the factors of unsuitability at

24  this time."  Id at 53.

25          The state superior court upheld the decision of the BPT

26  and the state appellate and supreme courts summarily affirmed.  The

27  superior court stated:

28

**6**

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8
> If the BPT determines consideration of the
> public safety requires more incarceration based on
> the commitment offense alone, it may deny parole
> without considering the other suitability factors.
> (<u>In re Dannenberg</u> (2005) 34 Cal.4th 1061, 1071.)
> Thus the BPT may cite facts of the crime beyond the
> minimum elements and need not accept the trial
> court's findings.  Here the BPT noted the victim's
> death occurred as the result of a stabbing in the
> course of a robbery.  Aside from the commitment
> offense, however, the BPT also found an 'unstable
> social factor' and a lack of viable residential
> parole plans.  In light of <u>In re Dannenberg's</u> holding
> the petition is denied."

9

10
<u>In re Robert Rowe</u>, No. m-10558, slip op at 2 (Cal Super Ct May 20,
2005) (Resp't Ex E).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        The state court's rejection of petitioner's due process
claim was not contrary to, or an unreasonable application of, the
<u>Hill</u> standard, or was based on an unreasonable determination of the
facts.  See 28 USC § 2254(d).  The BPT's January 6, 2005 decision
to deny petitioner parole after his sixth parole consideration
hearing is supported by some evidence in the record and that
evidence bears some indicia of reliability.  See, eg, <u>Rosas</u>, 428
F3d at 1232-33 (upholding denial of parole based on gravity of
offense and psychiatric reports); <u>Biggs</u>, 334 F3d at 916 (upholding
denial of parole based solely on gravity of offense and conduct
prior to imprisonment); <u>Morales</u>, 16 F3d at 1005 (upholding denial
of parole based on criminal history, cruel nature of offense, and
need for further psychiatric treatment).  The inquiry under <u>Hill</u> is
simply "whether there is <u>any</u> evidence in the record that could
support the conclusion reached by the [BPT]."  <u>Hill</u>, 474 US at
455-56 (emphasis added).  There is – the facts surrounding the
crime reasonably suggest that it was carried out in a cruel and

**7**

**United States District Court**
For the Northern District of California

1   callous fashion; petitioner has a history of substance abuse and

2   did not present a plan for a self-help program after release; and

3   petitioner did not have firm residence plans in any of the

4   communities where he had been offered employment.  Cf Cal Code Regs

5   tit 15, § 2402(c) & (d) (listing circumstances tending to show

6   unsuitability for parole and circumstances tending to show

7   suitability).  It is not up to this court to "reweigh the

8   evidence."  Powell v Gomez, 33 F3d 39, 42 (9th Cir 1994).

9         Petitioner argues that the BPT relied on the unchanging

10  facts of his commitment offense in determining that he is not

11  suitable for parole which conflicts with the Ninth Circuit's ruling

12  in Biggs.[1]  He also argues that his commitment offense cannot

13  provide a basis for that determination because his offense is not

14  reliable evidence that he poses a current danger to society and the

15  circumstances of his offense did not exceed the minimum necessary

16  to sustain his conviction.  None of these arguments compel federal

17  habeas relief because the BPT did not base its decision solely on

18  the facts of petitioner's commitment offense.  The BPT found that

19  petitioner's parole plans were "grossly short," noting that

20  petitioner did not have sufficient residential plans in California.

21  The BPT also noted that petitioner did not present a plan for

22  continuing a self-help program for substance abuse, which was a

23

24        [1] In Biggs, the Ninth Circuit upheld the initial denial of a
25  parole release date based solely on the nature of the crime and the
    prisoner's conduct before incarceration, but cautioned that, over
26  time, denying a prisoner parole strictly because of the nature of
    his offense and his prior conduct "would raise serious questions
27  involving his liberty interest in parole * * * and could result in
    a due process violation."  Biggs, 334 F3d at 916-17.

28
                                    8

**United States District Court**
For the Northern District of California

1  particular concern in light of his history of drug addiction.

2  These findings alone constitute some evidence under <u>Hill</u>.  See 28

3  USC § 2254(d); <u>Hill</u>, 474 US at 455-56.

4  Petitioner claims that his continued incarceration

5  violates the terms of his plea agreement.  The claim is without

6  merit.  The record shows that petitioner was sentenced pursuant to

7  a plea agreement to an indeterminate term of 25 years to life.  See

8  Sentencing Tr at 2 (Resp't Ex H).  Nothing in the record indicates

9  that petitioner is entitled to release at any time prior to a

10  finding by the BPT that he is suitable for parole.

11  Petitioner argues that he relied on California's uniform-

12  term matrices when he agreed to plead guilty and, that under those

13  matrices, he should only serve 17 years of his sentence.

14  Unfortunately for petitioner, there is no indication in the record

15  that a 17-year sentence under a matrix calculation was part of his

16  plea agreement.  Moreover, the Supreme Court of California has made

17  clear that the BPT need not evaluate an inmate's crime against the

18  sentencing matrices because, unless and until the prisoner is found

19  suitable for parole, a date for the inmate's release need not be

20  set.  <u>In re Dannenberg</u>, 34 Cal 4th 1061, 1070-01 (2005).  This

21  court is bound by the Supreme Court of California's interpretation

22  of California law.  See <u>Bradshaw v Richey</u>, 546 US 74, 76 (2005)

23  (state court's interpretation of state law binds a federal court

24  sitting in habeas corpus); <u>Hicks v Feiock</u>, 485 US 624, 629 (1988)

25  (same).

26  Petitioner also argues that the BPT violated his plea

27  agreement by relying on findings regarding the nature and

28

**9**

**United States District Court**
For the Northern District of California

1  seriousness of the commitment offense that went beyond the trial

2  court's findings.  Nothing in the record indicates that doing so

3  violated the terms of the plea agreement.  Moreover, as the

4  superior court noted, under California law the BPT does not have to

5  accept the trial court's findings and may rely on facts beyond the

6  minimum elements of the offense.  In re Robert Rowe, No. m-10558 at

7  2 (citing In re Dannenberg, 24 Cal 4th 1061, 1071 (2005)).

8         The state court's rejection of petitioner's plea

9  agreement claim was not contrary to, or involved an unreasonable

10  application of, clearly established Supreme Court precedent, or

11  involved an unreasonable determination of the facts.  See 28 USC §

12  2254(d).  Petitioner is not entitled to federal habeas relief on

13  the claim.

14

15                              III

16         For the reasons set forth above, the petition for a writ

17  of habeas corpus is DENIED.

18         The clerk shall enter judgment in favor of respondent and

19  close the file.

20         SO ORDERED.

21  _____

22  **VAUGHN R WALKER**
    **United States District Chief Judge**

23

24

25

26

27

28

10